The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELYSE O'CALLAGHAN LEWIS, *et al.*,<br>Plaintiffs,<br>v.<br>EARNEST LLC, *et al.*,<br>Defendants. | NO. 26-cv-2415-BJR<br>**ORDER REMANDING CASE FOR LACK OF STANDING** |

## I. INTRODUCTION

This matter comes before the Court on consideration of the parties' responses to the Court's Order to Show Cause. The Court issued the Order to Show Cause *sua sponte* to determine whether the Court has subject matter jurisdiction over this action. ECF No. 23. Having reviewed the materials,[1] the record of the case, and the relevant legal authorities, the Court will remand this case to King County Superior Court. The reasoning for the Court's decision follows.

## II. BACKGROUND

Defendants Earnest LLC, Earnest Operations LLC, and Navient Corporation (collectively, "Defendants" or "Earnest") personal loan and student loan refinancing to borrowers. Compl. ¶¶ 1.1,

[1] Including the Notice of Removal, ECF No. 1; Complaint, ECF No. 1-1; Earnest's Response, ECF No. 23; Lewis's Response, ECF No. 24; and Lewis's Appendix to her Response, ECF No. 25.

4.1, ECF No. 1-2. Plaintiff Elyse O'Callaghan Lewis (hereinafter "Plaintiffs" or "Lewis"), originally filed this putative class action on June 9, 2026, in King County Superior Court alleging that Earnest had sent her and other Washington consumers marketing emails with false or deceptive subject lines, in violation of Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). *See* Notice of Removal, ECF No. 1. Specifically, Lewis alleges that Earnest sent her multiple emails containing subject lines that created a false sense of urgency regarding the duration or availability of promotional offers. Compl. ¶¶ 4.3–4.16. Plaintiffs highlight examples of successive emails that Earnest sent consumers in 2025 and 2026. *Id.* ¶¶ 4.7–4.14. Plaintiffs' CPA claims are premised on their CEMA cause of action. *Id.* ¶¶ 6.2–6.4. Plaintiffs seek statutory damages, injunctive relief, fees, and related remedies. *Id.* ¶¶ 1.3, 6.9–6.11, and Prayer for Relief. Earnest removed the case to this Court on July 10, 2026, asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 1453. Notice of Removal at 4–11. On September 18, 2026, this Court ordered the parties to show cause why this action should not be remanded for lack of subject matter jurisdiction due to lack of Article III injury.

## III. LEGAL STANDARD

Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing party bears the burden of establishing federal jurisdiction and must overcome a "strong presumption" against removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Gaus*, 980 F.2d at 566. Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566; *but see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA."). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing

*Gaus*, 980 F.3d at 566). If at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## IV. DISCUSSION

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). In the context of a class action, the class representatives must have standing. *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974))); *see also Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue."). Whether a plaintiff has Article III standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is jurisdictional).

### A. Lewis's Complaint Fails to Allege That She Suffered a Concrete Harm.

Plaintiffs' claims arise under state law and rely on CEMA's prohibition against transmitting commercial emails containing "false or misleading information in the subject line." RCW 19.190.020(1)(b); *see also* Compl. ¶¶ 4.3–4.16. The Washington Supreme Court has held that, for purposes of state law, the receipt of a false or misleading email may constitute an injury sufficient to support statutory damages. *See Brown v. Old Navy, LLC*, 4 Wn.3d 580 (2025) (holding that

CEMA does not require proof of actual damages because "the injury is receiving an e-mail that violates its regulations"). And a violation of CEMA results in a *per se* violation of the CPA. *Id.* at 584. However, to establish Article III standing to bring a claim in federal court, a statutory violation alone does not suffice. After all, "an injury in law is not an injury in fact." *TransUnion v. Ramirez*, 594 U.S. 413, 427 (2021). And "to establish standing, a plaintiff must show (i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

At issue in this case is the "[f]irst and foremost" of standing's three requirements—"a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (citations omitted). To establish an injury in fact, plaintiffs must show that they suffered "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560 (citations omitted). Importantly, "Article III standing requires a concrete injury *even in the context of a statutory violation*." *Spokeo, Inc. v. Robins (Spokeo I)*, 578 U.S. 330, 341 (2016) *as revised* (May 24, 2016) (citations omitted) (emphasis added). A plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* "[T]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.' " *Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo I*, 578 U.S. at 341). To establish a concrete injury, "the plaintiff must allege a statutory violation that caused [her] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.' " *Id.* (quoting *Spokeo I*, 578 U.S. at 340).

**1. Earnest's Request for Jurisdictional Discovery is Denied.**

Lewis argues that her pleadings do not sufficiently allege a concrete harm sufficient to meet the standing requirements of federal jurisdiction. Lewis's Response at 6–10. On the other hand, Earnest argues that Lewis's allegations in her Complaint "suggest that she could have Article III" standing, but that her "internally-contradictory" declaration, filed in support of her Opposition to Earnest's Motion to Compel Arbitration, does not clearly indicate whether Lewis consented to receiving emails from Earnest, which bears on the standing question. Earnest's Response at 8–10; *see also* Lewis Decl., ECF No. 19. Earnest urges the Court to permit limited jurisdictional discovery—in the form of deposing Lewis—before ordering remand. Earnest's Response at 8–10.

The Court does not consider Lewis's declaration as part of her pleading. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (considering additional facts raised in plaintiff's opposition papers only for purposes of determining whether to grant leave to amend); Fed. R. Civ. P. 7. Even if the Court were to consider Lewis's declaration in support of her opposition to a stricken motion, the Court disagrees with Earnest's assertion that Lewis's statements in her declaration "provided inconsistent testimony as to whether the emails at issue were unsolicited and unconsented to." Earnest's Response at 9.

Earnest does not meaningfully argue that Lewis's allegations in her complaint sufficiently allege a concrete injury. At most, Earnest notes that Plaintiff did not allege that she consented to receiving emails from Earnest. Earnest's Response a 9. Neither party argues that the mere receipt of an email with a false or misleading email subject line, which is a statutory violation of CEMA, suffices to state an injury for standing purposes. *See TransUnion*, 594 U.S. at 426–27. And neither party contests that Lewis's complaint lacks allegations of tangible injury as a result of receiving marketing emails containing false or misleading subject lines.

Accordingly, to establish Article III injuries, these emails must have resulted in intangible injuries that "can nevertheless be concrete." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021) (quoting *Spokeo I*, 578 U.S. at 340). "[A]n *intangible* injury may be concrete if it presents a material risk of *tangible* harm or 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' like common law torts or certain constitutional violations." *Phillips v. United States Customs & Border Prot.*, 74 F.4th 986, 991 (9th Cir. 2023) (quoting *Spokeo I*, 578 U.S. at 340–41); *see also Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025) ("*TransUnion* requires a court to assess whether an individual plaintiff has suffered a harm that has traditionally been actionable in our nation's legal system.").

Earnest argues that the mere receipt of these emails, along with Lewis's failure to allege that she consented to receiving them, suffice to "plausibly suggest" that she has standing to sue in federal court. Earnest's Response a 9. Earnest cites to cases that have found a failure to allege consent to receiving emails from defendants to sufficiently state an injury, as they resulted in harms that are analogous to harms that have "traditionally been actionable in our nation's legal system," *Popa v. Microsoft Corp.*, 153 F.4th at 791, such as nuisance. Earnest's Response at 9 (citing *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 999, 1008 (W.D. Wash. 2019)). But courts in this district have found that similar allegations do not bear a close relationship to nuisance, as "injuries sounding in nuisance require real and appreciable interference, … and must be unsolicited[.]" *Nuri v. True Religion Apparel*, No. 2:25-cv-690-LK, 2026 WL 864886, at *3 (W.D. Wash. Mar. 30, 2026) (citing Restatement 2d of Torts, §§ 821F(c), 892A(1)) (cleaned up). And courts have not found an injury similar to intrusion upon seclusion where plaintiffs ostensibly consented to receiving marketing emails from the defendant. *See Aronson v. 5 Star Apparel LLC*, No. 2:25-cv-

2691-JLR, 2026 WL 2332885, at *2 (W.D. Wash. Aug. 4, 2026) (citing *Montes v. Catalyst Brands LLC* ("*Montes I*"), No. 2:25-cv-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025)); *cf. Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) (finding the intangible injury of receiving telemarketing phone calls or text messages, in violation of the Telephone Consumer Protection Act, to be concrete because plaintiffs did not consent to their receipt).

Here, Lewis notes that she does not allege in her complaint that Earnest's marketing emails were unsolicited. Lewis Response at 9; *cf. Brinton v. Vivint Inc.*, No. 3:23-cv-6105-TMC, 2024 WL 3688589, at *1–3. (W.D. Wash. Aug. 7, 2024) (finding spam emails to constitute a concrete intangible injury that is analogous to common law torts where they obscured the sender and led plaintiff to websites selling defendant's products). Accordingly, the complaint does not adequately state a concrete intangible harm and without such harm, Plaintiffs lack standing to bring a federal case.

Many courts in this district, including this Court, have remanded to state court similar cases involving CEMA and CPA claims based on false or misleading email subject lines, finding that the complaints insufficiently alleged a concrete Article III injury. *See, e.g.*, *Samaduroff v. David Peyser Sportswear Inc*, No. 3:26-CV-5275-TMC, 2026 WL 2675977 (W.D. Wash. Sept. 11, 2026); *Aronson v. 5 Star Apparel LLC*, 2026 WL 2332885*; Hutton v. Papa John's, Inc.*, No. 2:25-cv-1922-KKE, 2026 WL 2210133 (W.D. Wash. July 31, 2026); *Nuri v. True Religion Apparel*, 2026 WL 864886. This Court concludes that the violation of the statutory provision at issue here—marketing emails transmitted with misleading subject lines about the duration of promotional offers—is a technical or procedural violation that by itself does not manifest concrete injury beyond statutory

damages. *See Atkinson v. Penney OpCo LLC*, No. 23-cv-1806-BJR, 2024 WL 3579910, at *2 (W.D. Wash. July 30, 2024). As such, Plaintiffs lack standing.

When a plaintiff lacks Article III standing, the district court lacks subject matter jurisdiction and must remand the case. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case."). Here, Earnest, as the "party invoking federal jurisdiction," has not met its burden of demonstrating a case or controversy under Article III standing at this stage of litigation. Because Plaintiffs' lack of Article III standing implicates the Court's subject matter jurisdiction, *see Warth*, 422 U.S. at 498, this case will be remanded to King County Superior Court pursuant to 28 U.S.C. § 1447(c).

**B. Earnest's Request for a Stay is Denied.**

Earnest argues in the alternative for a stay of this case pending the Ninth Circuit's resolution of *Montes v. Penney Opco, LLC* ("*Montes II*"), No. 26-241 (9th Cir. 2026), an appeal of an Eastern District of Washington order that dismissed a similar CEMA case. Earnest's Response at 4–7; *see also Montes v. Catalyst Brands LLC*, No. 2:25-cv-0281-TOR, 2025 WL 3485827 (E.D. Wash. Dec. 4, 2025) (holding that plaintiff in CEMA and CPA case lacked Article III standing because she failed to allege a concrete harm). Earnest's Response at 4–6. Plaintiffs oppose the stay request. Lewis's Response at 11–14.

This Court concludes that a stay pending the Ninth Circuit's ruling in *Montes II* is unwarranted. The Court sees no reason to further delay this case's resolution, as state courts need not wrestle with Article III standing. In the event that the Ninth Circuit concludes that these types of allegations suffice to state a concrete injury, Defendants will be permitted to file a second notice

of removal. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 789 (9th Cir. 2018) (quoting *Reyes v. Dollar Tree Stores, Inc.*, 781 F. 3d 1185, 1188 (9th Cir. 2015)) ("An intervening change in the law that 'gives rise to a new basis for subject-matter jurisdiction' qualifies as a subsequent event that justifies a successive removal petition."). In the meantime, remanding this case is consistent with securing the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## V. CONCLUSION

For the foregoing reasons:

1. This case is remanded to King County Superior Court.

DATED this 16th of October 2026.

Barbara Jacobs Rothstein
United States District Judge